[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BEFORE:
 Susan S. Godfroy, CSR Court Reporter Superior Court at New London At New London 70 Huntingon Street New London, Connecticut 06320 (860) 442-2655
THE COURT: This is the matter of Lyman, Inc. versus Lodrini, L-O-D-R-I-N-I, Albert and Virgin Lodrini, the docket number is CV 98-0545124. And on November the 23rd, 1998 this Court conducted a hearing on Mr. Lodrini's motion to set aside a default judgment, and his request that the case restored to the civil docket; and that is item 107 in the Court's file.
The hearing lasted, I believe, about an hour and a half or so. The parties were represented by counsel. David Condon represented the plaintiff, and Mr. Lodrini was represented by Attorney Mulholland, M-U-L-H-O-L-L-A-N-D. From that hearing, the Court is going to issue the following ruling on the record, and sign a copy of the transcript should the parties wish to go elsewhere with this matter.
Memorandum of decision re defendants motion to set aside CT Page 3391 default, No. 107. On February 19, 1998 the defendant Albert Lodrini was defaulted for failing to appear, and judgment entered for the plaintiff. On August 17, 1998 Mr. Lodrini filed a motion to set aside the default judgment and restore the case to the civil docket. On October 21, 1998 the plaintiff filed an objection to the defendants' motion to set aside default. On November 23, 1998 an evidentiary hearing was held concerning the defendants' motion to set aside the default judgment.
As a result of that hearing this Court finds the following facts: On January 16, 1998 Mr. and Mrs. Lodrini were served with process at their home in Stonington, Connecticut. Mrs. Lodrini was served in hand. Mr. Lodrini, who was at home at the time was noticed by abode service. At the time service was made the Lodrini's were in the process of moving as the result of an eviction action. Mrs. Lodrini told Mr. Lodrini she had received in-hand service. Subsequently, Mrs. Lodrini moved to Minnesota to stay with relatives. Mr. Lodrini was offered shelter by his church for a period of about six weeks. Thereafter, Mr. Lodrini lived in his automobile for a period of time.
About four and one-half months after service was made upon him Mr. Lodrini moved to New Jersey. On February 19, 1998 he filed a change of address card with the Stonington post office naming a New Jersey relative's residence as his new mailing address. He stayed with his relatives in New Jersey off and on for a few days here and there, but was mostly on the road looking for work and a new domicile. When he was in New Jersey he checked his mail. When he was away his relatives picked his mail up for him at the post office.
Certification of service of notice of the judgment was made by the plaintiff on February 26, 1998 at the Lodrini's Stonington address. On March 12, 1998 the plaintiff sent a copy of the judgment lien by registered mail, return receipt requested to Mrs. Lodrini in Minnesota. She signed the green card on March 17, 1998. On March 12, 1998 the plaintiff sent a copy of the judgment lien by registered mail, return receipt requested to Mr. Lodrini in New Jersey; the correspondence was returned unclaimed.
In July 1998 Mr. Lodrini claims he first learned that the plaintiff obtained a judgment against him when his Connecticut bank notified him of the garnishment of his account. Mr. Lodrini appeared at the hearing on the garnishment on August 10, 1998. CT Page 3392
General Statute Section 52-212 and Practice Book Section 17-43
allow the Court the discretion to open a default judgment where the motion is filed within four months of entry of the judgment. Here the motion was filed nearly six months after judgment entered. "A failure to file a motion to open a judgment within four months deprives the trial court of jurisdiction to open the judgment . . . unless the parties waive this time limitation. . . ." Cite indication is Kim, K-I-M versus Magnotta, M-A-G-N-O-T-T-A, 49 Connecticut Appellate 203, 208 (1998).
There has been no waiver in this matter, nevertheless, "A delay in notifying the defendant of the judgment would extend the time in which defendant would move to set aside the judgment." The citation is Handy versus Minwax, 46 Connecticut Appellate 54, 57 (1997).
The facts of this case indicate that the plaintiff made reasonable and prompt efforts to notify the defendants that judgment had entered against them. The defendants, on the other hand, failed to monitor this case or take any steps to protect their interest until it was too late.
Accordingly, this Court concludes that it lacks jurisdiction to open the judgment. Accordingly, the defendants' motion to set aside the judgment is denied.
BY THE COURT:
ROBERT A. MARTIN, Judge
CERTIFICATION
I, Susan S. Godfroy, do hereby certify that the within and foregoing contain an accurate and complete transcription of the stenographic notes in the above-captioned case as requested, taken on this 15th day of March, 1999.
Dated at New London, Connecticut, on this 16th day of March, 1999.
Susan S. Godfroy